STATE *v.* J. S. HENDRY.

In a prosecution under the 5th Section of the Act 27th Feb. 1829, for shooting with intent to kill, and inflicting a wound less than mayhem, the Statute not contemplating accessorial guilt, a count against one as accessory will be quashed.

APPEAL from the District Court of East Baton Rouge. *Robertson,* J.
A. M. *Dunn,* for the accused :

1st. The Statute of 1829 contemplates the offence of shooting with *intent to kill* as necessarily personal.

2d. The Statute makes no provision as to aiders or abetters, or accessories, before the fact, and applies only to the person making the assault.

3d. There must be a description of the offence in the words of the Statute creating it. Art. 52, *State* v. *M. Lavahan.*

4th. The Statute was designed to punish offences arising from sudden violence of passion, and unpremeditation, in which there can be no aiders, &c. 1st Chitty, 215.

SPOFFORD, J. *John S. Hendry* was indicted under the 5th Section of the Act of 7th Feb. 1829, for shooting *John McCrory* with intent to kill, and inflicting upon him a wound less than mayhem.

In a separate count the appellees, *Chesly R. Hendry* and *Laura Hendry* were indicted for being "feloniously and wilfully present, counselling, aiding, abetting and assisting the said *John S. Hendry,* the said *John McCrory,* to shoot and wound in the manner and form aforesaid."

On motion of counsel, the Judge ordered this count of the indictment to be quashed, and the *District Attorney* took an appeal on behalf of the State. But he has not presented any points or cited any authorities, and we are not informed why he conceives that an error has been committed to the prejudice of the State, which can be remedied by this appeal.

The counsel for the defendants supports the ruling of the District Judge by the argument that their offence, if any offence at all, is necessarily a statutory one, and that in an indictment for a statutory offence, the language of the statute must be substantially pursued ; that this has not been done in the count against the appellees ; that the Statute under which they were indicted, is wholly silent as to counsellors, aiders and abetters ; and that to be properly indicted thereunder, they should have been charged as principals, with all the statutable ingredients of the crime.

It is further urged that the Statute contemplated a personal offence, and excludes the idea of accessorial guilt.

These positions acquire some strength from the fact that in other statutes creating offences of a cognate character, the Legislature have in terms, embraced "aiders, abetters, and counsellors," and provided for their punishment, so that the omission to do so here is significant of a purpose. See Acts, 4 May 1805, § 23, 22d Feb. 1817, 20th March, 1818, § 16, &c.

An aider and abettor present at the commission of a crime, or an accessory *at* the fact was called, at common law, a principal in the second degree ; his punishment was, in general the same as the principal in the first degree. But where the offence was personal in its nature, the aider and abettor suffered a milder punishment. On an indictment under the Statute against stabbing, it was held that only the party who actually inflicted the stab was ousted of his clergy. 1 East, P. C. 348--350.

So here, it would seem, that only the party who actually inflicts the wound less than mayhem is to undergo the penalty prescribed by the Statute, as the Statute is silent touching principals in the second degree. The rule may be different, where the offence is not defined by Statute, but adopted from the common law by its technical name. We think the Judge did not err in quashing the count, which charges the appellees as aiders and abettors.

Judgment affirmed.